IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>PALMCO ENERGY PA L.L.C d/b/a INDRA ENERGY<br>        Defendant. | Case No.  2:22-cv-696<br><br>COMPLAINT-CLASS ACTION |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.  As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.  Plaintiff Stewart Abramson ("Plaintiff") brings this action under the TCPA alleging PALMCO Energy PA L.L.C. d/b/a Indra Energy ("Indra Energy"), sent him and other putative class members pre-recorded telemarketing calls for purposes of promoting their goods and services without their prior express written consent.

3. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Stewart Abramson is a Pennsylvania resident in this District.

6. Defendant PALMCO Energy PA L.L.C. is a limited liability company that is registered to do business in the state of Pennsylvania.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. The Defendant is subject to personal jurisdiction as it (a) made calls into this District and (b) is registered to do business in this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA also makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice to any residential telephone number. *See* 47 U.S.C. § 227(b)(1)(B).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition,

3

the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

16. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

17. Indra Energy provides energy services to consumers.

18. Indra Energy uses telemarketing to promote its products and solicit new clients.

19. These telemarketing efforts include the use of automated calls to send prerecorded messages.

20. The Plaintiff received such calls.

21. Indra Energy sent these calls despite the fact that Mr. Abramson has previously brought suit against Indra Energy for this same conduct. *See Abramson v. PALMCO Energy PA L.L.C.*, Civil Action No. 19-v-1675 (W.D. Pa.).

22. The Plaintiff received such calls on March 4 and April 19 (twice), 2022.

23. The Plaintiff received the March 4, 2022 call on 412-418-XXXX.

24. That number is assigned to a cellular telephone service.

25. The Plaintiff received the remaining calls on 412-661-XXXX.

26. That number is a residential landline.

27. Both numbers are used for personal purposes and are not associated with a business.

28. The calls all played the same pre-recorded message:

> Hello. This is a limited time offer for all electricity and gas customers. You are qualified for a fifty dollar reward along with thirty percent discounts on your electric and gas bill for the next year. Please press one now to get your fifty-dollar reward."

29. Plaintiff pressed one on his telephone in response to the April 19, 2022 pre-recorded message.

30. The Plaintiff spoke with "Jack Wilson", who said he was an agent with Indra Energy.

31. To further verify and confirm the identity of the calling party, Plaintiff agreed to participate in a recorded verification process.

32. The Plaintiff was subsequently transferred to the Indra Energy recorded verification system.

33. During the process, the Plaintiff was given the telephone number for Indra Energy of 888-504-6372.

34. There was no other company identified by the caller or by the recorded verification system other than Indra Energy.

35. The caller transferred Mr. Abramson to Indra Energy's recorded verification system to complete a sale for Indra Energy only.

36. At the end of the recorded verification process the recorded verification system provided Plaintiff with the verification number "005-369-476".

37. This number was unique to a sale for Indra Energy.

38. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

39. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**Class Action Statement Pursuant to LCvR 23**

40. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

41. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or residential telephone line (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) from October 1, 2020 through the date of trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

42. Plaintiff is a member of this class and will fairly and adequately represent and protect the interests of this class as he has no interests that conflict with any of the class members.

43. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

44. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

45. This Class Action Complaint seeks injunctive relief and money damages.

46. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

47. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

48. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

49. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

50. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

51. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) Whether the Defendant used pre-recorded message to send telemarketing calls;
>
> (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

52. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

53. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

56. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. 227(b) on behalf of the Robocall Class

57. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers and residential telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

59. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

61.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich