UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>PALMCO ENERGY PA L.L.C. d/b/a INDRA ENERGY,<br><br>    Defendant. | Case No. 2:22-cv-00696-WSH |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant PALMco Energy PA, LLC d/b/a Indra Energy ("Indra Energy") hereby submits its Answer and Affirmative Defenses to Plaintiff Stewart Abramson's Class Action Complaint (ECF No. 1) ("Complaint") as follows:

**Preliminary Statement[1]**

1. Defendant admits that Paragraph 1 refers to *Barr v. American Association of Political Consultants,* 140 S. Ct. 2335, 2343 (2020), the terms of which speak for itself. Defendant denies the remaining allegations of Paragraph 1.

2. Defendant admits that Plaintiff purports to bring this putative class action on behalf of himself and others who allegedly received phone calls from Defendant. Defendant denies the

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

remaining allegations of Paragraph 2 and further denies any wrongdoing.

3. Defendant admits that Plaintiff purports to bring this putative class action on behalf of himself and others who allegedly received phone calls from Defendant. Defendant denies the remaining allegations of Paragraph 3 and further denies any wrongdoing.

4. Defendant denies it engaged in "illegal telemarketing" and denies that a class action is appropriate. Defendant denies the remaining allegations of Paragraph 4.

## Parties

5. Defendant is without sufficient information to admit or deny the allegations of Paragraph 5 and therefore denies them.

6. Defendant admits the allegations of Paragraph 6.

## Jurisdiction & Venue

7. The jurisdictional allegations of Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Court generally has federal question jurisdiction over Telephone Consumer Protection Act actions. But Defendant reserves the right to challenge subject matter jurisdiction to the extent Plaintiff lacks standing and to the extent his alleged injuries are not fairly traceable to any conduct by Defendant.

8. The jurisdictional allegations of Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits it is registered to do business in this jurisdiction but denies it is responsible for the phone calls described in the Complaint. Defendant denies the remaining allegations of Paragraph 8.

9. The jurisdictional allegations of Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits it conducts business

in this District but denies that it made the automated calls described in the Complaint or engaged in any unlawful conduct in this District.

## The Telephone Consumer Protection Act

10.     Defendant admits the allegations of Paragraph 10 reference the Telephone Consumer Protection Act, the terms of which speak for itself.

### The TCPA Prohibits Automated Telemarketing Calls

11.     Defendant admits the allegations of Paragraph 11 reference the Telephone Consumer Protection Act, the terms of which speak for itself. Defendant denies the remaining allegations of Paragraph 11 as legal conclusions that do not require a response.

12.     Defendant admits the allegations of Paragraph 12 reference the Telephone Consumer Protection Act, the terms of which speak for itself. Defendant denies the remaining allegations of Paragraph 12 as legal conclusions that do not require a response.

13.     Defendant admits the allegations of Paragraph 13 reference the Telephone Consumer Protection Act, the terms of which speak for itself. Defendant denies the remaining conclusions of Paragraph 13 as legal conclusions that do not require a response.

14.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 14 and therefore denies them.

15.     Defendant admits the allegations of Paragraph 15 appear to reference *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012), the terms of which speak for itself.

16.     Defendant admits the allegations of Paragraph 16 contain a citation to *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012), the terms of which speak for itself.

**Factual Allegations**

17. Defendant admits that it supplies natural gas services to consumers.

18. Defendant admits that it promotes its natural gas services to consumers through telephone calls.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies it sent, or caused to be sent, pre-recorded messages to Plaintiff. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 20 and therefore denies them.

21. Defendant admits that Plaintiff previously sued Defendant in the lawsuit captioned *Abramson v. PALMCO Energy PA L.L.C.,* Civil Action No. 19-cv-1675 (W.D. Pa.). Defendant denied any liability in that lawsuit. Defendant further denies that it caused pre-recorded messages to be sent to Plaintiff as described in the Complaint. Defendant denies the remaining allegations of Paragraph 21.

22. Defendant denies that it sent, or caused to be sent, pre-recorded messages to Plaintiff on March 4 or April 19, 2022.

23. Defendant is without sufficient information to admit or deny the allegations of Paragraph 23 and therefore denies them.

24. Defendant is without sufficient information to admit or deny the allegations of Paragraph 24 and therefore denies them.

25. Defendant is without sufficient information to admit or deny the allegations of Paragraph 25 and therefore denies them.

26. Defendant is without sufficient information to admit or deny the allegations of Paragraph 26 and therefore denies them.

27. Defendant is without sufficient information to admit or deny the allegations of Paragraph 27 and therefore denies them.

28. Defendant denies that it sent, or caused to be sent, the pre-recorded message in quoted in Paragraph 28 to Plaintiff or the putative class members. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 28 and therefore denies them.

29. Defendant is without sufficient information to admit or deny the allegations of Paragraph 29 and therefore denies them.

30. Defendant is without sufficient information to admit or deny the allegations of Paragraph 30 and therefore denies them.

31. Defendant is without sufficient information to admit or deny the allegations of Paragraph 31 and therefore denies them.

32. Defendant admits that Plaintiff interacted with the Indra Energy recorded verification system.

33. Defendant admits the allegations of Paragraph 33.

34. Defendant admits the recorded verification system only identified Indra Energy. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 34 and therefore denies them.

35. Defendant admits that Plaintiff completed his purchase of Indra Energy's services through a recorded verification system for Indra Energy and that the verification system for Indra Energy did not reference other energy companies.

36. Defendant admits the allegations of Paragraph 36.

37. Defendant admits the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

**Class Action Statement Pursuant to LCvR 23**

40. Defendant admits that Plaintiff purports to have filed this action on behalf of himself and others he claims are similarly situated as alleged members of the class described in Paragraph 41. Defendant denies that this action satisfies the requirements to be maintained as a class action. Defendant denies the remaining allegations of Paragraph 40.

41. Defendant admits that Plaintiff proposes the putative class described in Paragraph 41. Defendant denies that class certification is appropriate in this case. Defendant denies the remaining allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant admits that Plaintiff purports to exclude the listed individuals and entities from the putative class. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 43 and further denies class certification is appropriate.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant admits that Plaintiff purports to seek injunctive relief and damages on behalf of himself and the putative class described in Paragraph 41. Defendant denies that injunctive relief is merited and denies that Plaintiff or the putative class members are entitled to any relief whatsoever.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51, including subparagraphs (a) through (d). Defendant further denies that class certification is appropriate in this case.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant is without sufficient information to admit or deny the allegations of Paragraph 53 and therefore denies them.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55.

56. Defendant is without sufficient information to admit or deny the allegations of Paragraph 56 and therefore denies them.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**

**47 U.S.C. 227(b) on behalf of the Robocall Class**

57. Defendant incorporates its response to Paragraphs 1–56 as if fully set forth herein.

58. Defendant denies that it sent, or caused to be sent, any pre-recorded messages to Plaintiff. Defendant denies the remaining allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant admits that the TCPA authorizes treble damages in certain instances but denies that Plaintiff and the putative class members are entitled to any such damages. Defendant further denies that it willfully violated the TCPA. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 60.

61. Defendant admits that Plaintiff purports to seek injunctive relief on behalf of himself and the putative class members. Defendant denies that Plaintiff and the putative class members are entitled to such injunctive relief or to any other relief whatsoever. Defendant further

denies that it violated the TCPA. Except as expressly admitted herein Defendant denies the allegations of Paragraph 61.

## PRAYER FOR RELIEF

Defendant denies the allegations of Plaintiff's unnumbered "WHEREFORE" section, including each and every allegation in subparagraphs A through D. Defendant further denies that Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## JURY DEMAND

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

## GENERAL DENIAL

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to

arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over their claims, and rendering venue in this Court improper.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff failed to show that any calls he allegedly received were those for "which the called party is charged" as required by the TCPA.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part to the extent the calls at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, and Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct. For example, Defendant only places calls to numbers of persons who consent to such calls.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant did not proximately cause any damages, injuries, or violations alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff were allegedly called) proximately caused any damages, injuries, or violations at issue.

### NINTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant, because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. For example, to the extent vendors caused any damages, injuries, violations of the law, or engaged in the conduct of which the Complaint complains, such vendors acted outside the scope or in violation of the parties' agreements, Defendant did not approve of such conduct, and Defendant did not receive any benefits from such conduct. As such, Defendant cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No "Call")

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No "Pre-recorded" or "Artificial" Voice)

Plaintiff's § 227(b) claim is barred to the extent a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play on the alleged calls.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Party and/or Name the Proper Defendant)

The claims brought in the Complaint are barred, in whole or in part, by Plaintiff's failure to join a necessary or indispensable party. Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff failed to name the proper defendant(s), over which the Court may lack personal jurisdiction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver and Release)

Plaintiff is barred from asserting any claims covered by the settlement agreement he entered as a result of his prior lawsuit against Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

Any and all claims brought in the Complaint are barred because, to the extent Defendant made any of the alleged calls, Defendant possessed a good faith belief that it had consent to call the numbers at issue.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Immediate Threat of Future Injury)

Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claims as the alleged violations are not likely to recur.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Further, Defendant gives notice that in the event that this Court certifies any class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action.  Defendant reserves the right to amend its Answer to assert any such defense.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees; and

4. For such other relief as the Court deems just and proper.

DATED: July 1, 2022.

/s/ *Ryan D. Watstein*

Ryan D. Watstein (*pro hac vice pending*)
rwatstein@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street NW, Suite 1550
Atlanta, GA 30363
404-400-7300
404-400-7333 (fax)


J. Michael McCague
jmm@gmwpclaw.com
Pennsylvania Bar No. 42993
**GRIFFITH, MCCAGUE & HAPPEL, PC**
408 Cedar Avenue
Pittsburgh, PA  15212
Tel:  412-803-3690
Fax:  412-803-3678


*Counsel for Defendant*
*PALMco Energy PA, LLC d/b/a Indra Energy*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022, I filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

        By:    /s/ *Ryan D. Watstein*
                  Ryan D. Watstein
                  *Counsel for Defendant*